United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARLESTER WASHINGTON III,<br><br>Defendant. | Case No.: CR-13-00283-JSW (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Arlester Washington III is charged by indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). On May 17, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On May 22, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Edward Smock. Assistant United States Attorney Talia Falk appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to

rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about March 23, 2013, Defendant, having been previously convicted of a felony, knowingly possessed a .40 caliber Glock 22 model handgun, serial number LRY014, and 22 rounds of Smith and Wesson ammunition.

///

///

///

DETENTION ORDER
CR-13-00283-JSW (KAW)                    2

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case is felon in possession of a firearm. While this instance does not give rise to a rebuttable presumption of detention, at the time of his arrest, Defendant was released on bail for two pending criminal cases in Alameda County.

As to the weight of the evidence, while this is the least important factor, law enforcement recovered the loaded firearm during a traffic stop for erratic driving. Law enforcement also recovered counterfeit money, two baggies containing three types of marijuana, 10 empty baggies, and the loaded magazine had a 29-round capacity.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 29 years old and there were conflicting reports as to whether he was residing with his sister in Oakland, California or his grandmother in Castro Valley, California at the time of his arrest. At the hearing, Defense counsel proffered that Defendant had lived with his grandmother for most of his life. He did not graduate from high school, but has been enrolled at WyoTech in Fremont since January 2013 taking auto mechanics courses. He is currently unemployed, and has a sporadic employment history that includes a lot of "off and on" work. Defendant refused to answer questions about his substance use, but his girlfriend reported that he has a history of marijuana use, but she is unsure if he is currently using the substance.

Defendant sustained his first misdemeanor conviction in 2005 for battery on a police officer and was sentenced to probation. He failed to appear, and his probation was revoked, and later reinstated. In 2006, Defendant was convicted of possession of a controlled substance for sale (a felony), and was sentenced to five years of formal probation and 150 days in jail. Defendant then repeatedly failed to appear and had his probation revoked on five separate occasions. Arrests in 2007, 2008, and 2009 resulted in the revocation of his probation in lieu of filing new charges. In 2010, Defendant was convicted of possession of marijuana and was sentenced to two years probation in Louisiana. In April 2012, Defendant was arrested on prostitution charges, and his two failures to appear resulted in his bail being ordered forfeited. Bail was later reinstated, but this case is still pending in Alameda County. Defendant contends

that since January 2013, he has been turning his life around, and was recently baptized and now attends church.  On January 20, 2013, however, Defendant was arrested for possession of marijuana for sale. This case is still pending, and Defendant failed to appear, and his bail was ordered forfeited and has not yet been reinstated.  He was released on bail at the time of the instant offense, which, combined with his numerous failures to appear, suggest that he is not amenable to community supervision, and that no combination of release conditions exist to mitigate Defendant's risk of danger to the community.

### C. Risk of Nonappearance

Factors that indicate Defendant poses a risk of nonappearance include, as described above, his many failures to appear, prior bench warrants, unverifiable employment status, and conflicting information pertaining to his current address.  Mitigating factors include his lifelong residence in the San Francisco Bay Area, familial ties to the district, and lack of international travel. Defendant is also enrolled in an educational program (WyoTech), and proffers that he has found a higher power, and has developed a relationship with his pastor over the past few months, who supports him.

Defendant proposed his mother, father, and grandmother as sureties, but none of them were available to be interviewed by Pretrial Services prior to the detention hearing.  Defendant also proposed his sister Dawana Hartley and girlfriend Desarae Guidera.  Ms. Hartley has a lengthy criminal history, including drug offenses and crimes of violence, so she is not a viable surety.  Ms. Guidera is a U.S. Citizen, is employed as a waitress, has no criminal history, and is willing to sign an unsecured bond.

Even if Defendant could present a viable surety, he was on pretrial release on two pending criminal matters in Alameda County at the time of the alleged offense, and has had his bail revoked in both cases, only one of which was reinstated.  Defendant has a propensity to violate probation by committing new offenses, most of which are drug-related.  For these reasons, it is unlikely that an unsecured bond would provide Defendant with sufficient moral suasion to abide by the conditions of pretrial release.

///

DETENTION ORDER
CR-13-00283-JSW (KAW)                                             4

### III.  CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and a risk of nonappearance, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00283-JSW (KAW)                                      5